John Karchiunes, Appellant, v. John Mitsias and Bernard W. Snow, Bailiff of the Municipal Court of Chicago, Appellees.

Gen. No. 34,007.

Opinion filed

April 22, 1930.

BRUNDAGE & GORMAN, for appellant.

JULIUS L. KABAKER, for appellees.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

On July 31, 1929, plaintiff, under section 48a of the. Municipal Court Act (Trial of right of property), Cahill's St. ch. 37, ¶ 437, filed a *praecipe* and a verified statement of claim against defendants. He, as claimant, alleged that he is the owner of one Singer sewing machine (and other enumerated chattels); that the property has been levied upon by virtue of a certain writ of execution issued out of said court, No. 1423619, wherein Mitsias is plaintiff and Christ Katsipos and Gust Katsipos are defendants; and that the property, of the value of $8,000, is now in the possession of said Snow, as bailiff. Defendants entered their appearance by attorney and there was a trial without a jury, during which both parties introduced oral and documentary evidence, and at the conclusion of which, on August 28, 1929, the court found the issues for "the defendant and that the right to the property is in the defendant," and entered "judgment on the finding for defendant." The present appeal followed.

On the trial the following facts were disclosed: In August, 1927, Karchiunes and the two Katsiposes entered into a copartnership agreement to conduct a "pressing shop" business at No. 2956 East 92nd street, Chicago. Each was to have a one-third interest, and, as partners, they conducted the business until July 18,

1929, when the partnership was dissolved by mutual consent. During its existence, on June 5, 1928, the partners, as mortgagors, executed a chattel mortgage, conveying to Karchiunes (plaintiff and one of the partners) certain enumerated chattels, ''together with all other fixtures, equipment and other property'' in the shop, and ''together with the lease and good will of said business.'' The mortgage secured three notes, each signed by the three partners, payable to bearer and dated June 5, 1928. Two of the notes were for $1,000 each, and due respectively in one and two years after date; the third was for $4,000, due in two years and eleven months after date. The notes were delivered to Karchiunes, he having loaned the partnership $6,000. The mortgage was acknowledged on June 14, 1928, by the mortgagors' duly constituted attorney in fact, and the certificate of acknowledgment and entry is signed by ''James A. Kearns, clerk of the municipal court of Chicago,'' with seal of the court affixed. The mortgage was recorded on the same day. All of the mortgagors were residents of the *second* district of the municipal court of Chicago.

When the first note of $1,000 matured it was not paid, and Karchiunes caused the chattel mortgage to be foreclosed and he purchased all of the chattels mentioned in the mortgage at the foreclosure sale, which occurred on July 18, 1929. On the same day the two Katsiposes executed and delivered to Karchiunes a bill of sale conveying to him the same chattels as mentioned in the mortgage. Karchiunes thereafter conducted the pressing shop business as sole owner at the same location and the two Katsiposes worked for him as employees.

In the meantime on June 6, 1929, John Mitsias recovered a judgment by confession in the municipal court against the two Katsiposes, individually, for

$4,983.75. On July 3, 1929, while the chattel mortgage was being foreclosed, but *before* the bill of sale was delivered to Karchiunes, and *before* the partnership was dissolved, an *alias* execution on said judgment was placed in the hands of Snow, as bailiff, and he made demand upon the two Katsiposes (each of whom delivered to him sworn schedules to the effect that neither was possessed of any property subject to execution) and on July 26, 1929, he levied on the chattels and other property then in the possession of Karchiunes. His so-called "Return of Levy" is as follows:

"By virtue of the annexed *alias* writ of execution, No. 1423619, issued from the municipal court of Chicago in favor of John Mitsias and against Christ Katsipos and Gust Katsipos, defendants, I did, on July 26, 1929, levy upon all the *right, title and interest* of said defendants in and to the following described property"; (here are mentioned the same chattels as enumerated in plaintiff's statement of claim, first above mentioned).

In sections 24 and 25 of the Uniform Act relating to Partnerships, in force July 1, 1917 (Cahill's St. 1929, ch. 106a, p. 1980) it is provided in part:

"Sec. 24. The property rights of a partner are (1) his rights in specific partnership property, (2) his interest in the partnership, and (3) his right to participate in the management.

"Sec. 25. (1) A partner is a co-owner with his partners of specific partnership property holding as a tenant in partnership.

"(2) The incidents of this tenancy are such that:
. . .
"(c) A partner's right in specific partnership property is *not* subject to attachment or execution, *except* on a claim *against the partnership.* . . ."

Under the evidence, as above outlined, we think it clear that, if the chattel mortgage to Karchiunes was

a valid one as against third persons, the levy of Mitsias' execution on the right and interest of the two Katsiposes in the same chattels could not prevail as against the mortgagee. Mitsias' counsel here contends that the mortgage was not valid as against third persons because section 2 of our Chattel Mortgage Act, Cahill's St. ch. 95, ¶ 2, was not complied with, in that (the mortgagors being residents of the *second* district of the municipal court of Chicago) the mortgage was acknowledged before the clerk of the municipal court in the *first* district, whereas it should have been acknowledged before a *deputy* clerk in the *second* district. Karchiunes' counsel contend to the contrary. Regardless of the question as to the validity of the chattel mortgage as to third persons, we are of the opinion that the judgment appealed from must be reversed, because of the provisions of the above quoted statute concerning partnership property and the rights of partners. When Mitsias' judgment was obtained on June 6, 1929, the partnership, consisting of the two Katsiposes and Karchiunes, was in existence and possessed of the chattels in question as partnership property, which chattels were subject to the Karchiunes mortgage, valid at least as between the parties thereto. The two Katsiposes, as partners, each had a right or interest in the chattels subject to the mortgage. Mitsias' judgment was *not* against the partnership, but against the two Katsiposes individually. Their right or interest in the "specific partnership property" was "not subject to attachment or execution, *except* on a claim *against the partnership*." After the execution on the judgment had been placed in the bailiff's hands, and before the levy, Karchiunes caused a foreclosure sale of the chattels to be made to him on July 18, 1929, and on the same day the two Katsiposes by bill of sale conveyed all their right, title

and interest therein to him and he immediately took possession as sole owner. After these happenings the chattels were no more subject to an execution on a claim or judgment against the two Katsiposes individually than they were before.

The judgment appealed from is reversed and the cause is remanded to the municipal court with directions that the court order the bailiff to release the levy and that the court enter a judgment in favor of the plaintiff, Karchiunes, for the property in question.

*Reversed and remanded with directions with finding of fact.*

BARNES, P. J., and SCANLAN, J., concur.

Finding of fact: We find as a fact that the right to the property in question was and is in the plaintiff, Karchiunes.